IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY W. LEE,

      Petitioner,                        No. CIV S-07-2255 LKK JFM P

    vs.

KUMA J. DEBOO, Warden, et al.,

      Respondents.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a federal prisoner proceeding pro se with an application for habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner has paid the $5.00 filing fee.

        Petitioner claims he is being held in violation of the United States Constitution pursuant to United States v. Booker, 543 U.S. 220 (2005). Petitioner is challenging the sentence imposed by the United States District Court for the Northern District of California. (Case No. CR 93-0216).[1] On July 2, 1993, petitioner entered a guilty plea. (Id.) On January 28, 1994, petitioner was sentenced to 210 months with five years' supervised release. (Id.) On February 2, 1994, judgment and commitment was entered. (Id.) Petitioner filed a timely appeal in the United States Court of Appeals for the Ninth Circuit, which was dismissed on November 1, 1994. (Id.)

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162.

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Brown v. United States, 610 F.2d 672, 677 (9th Cir.1990).

Here, petitioner is challenging the validity and constitutionality of his sentence rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241. A review of the court docket in CR 03-0216 (Northern District) does not reflect that petitioner has attempted to file a motion pursuant to § 2255. However, a petition contending petitioner's sentence is invalid is still a § 2255 petition regardless of what petitioner calls the petition. See Brown, 610 F.2d at 677.

In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 if he can show the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997)(quoting § 2255). Although there is little guidance from any court on when § 2255 is an inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003); Pirro, 104 F.3d at 299; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d

390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956).  The Ninth Circuit has provided little guidance on what constitutes "inadequate and ineffective" in relation to the savings clause.  It has acknowledged that "[other] circuits, however, have held that § 2255 provides an "inadequate or ineffective" remedy (and thus that the petitioner may proceed under § 2241) when the petitioner claims to be:  (1) factually innocent of the crime for which he has been convicted; and, (2) has never had an "unobstructed procedural shot" at presenting this claim." Ivy, 328 F.3d at 1059-60, citing Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir.2000) (internal citations omitted).  The burden is on the petitioner to show that the remedy is inadequate or ineffective.  Redfield v. United States, 315 F.2d 76, 83 (9th Cir.1963).

In the petition for writ of habeas corpus, petitioner does not address motions under § 2255, nor does he claim such a motion would be inadequate or ineffective.  A review of the court docket in CR 03-0216 (Northern District) reflects that petitioner has had an unobstructed procedural opportunity to challenge his sentence based on the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005).

In Booker, the Supreme Court reaffirmed its holding in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000):  "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S.Ct. at 756, citing Apprendi, 530 U.S. at 488-90.[2]  While petitioner couches his challenge to his sentence on his view that Booker voided the sentencing

---

[2] In Blakely v. Washington, 542 U.S. 296 (2004) the Supreme Court reaffirmed its holding in Apprendi, which held that "any fact [other than the fact of a prior conviction] that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Blakely, 542 U.S. at 341; Apprendi, 506 U.S. at 488-490.  In Booker, 543 U.S. at 220, the Supreme Court held that the Sentencing Guidelines, as written, violated the Sixth Amendment principles articulated in Blakely. Id. at 749-756. As a remedy, the Supreme Court declared the Guidelines to be "effectively advisory." Id. at 756. Both Blakely and Booker are extensions of the principles the Supreme Court announced in Apprendi.

1 guidelines, rendering his sentence unconstitutional, his challenge is actually based on the holding
2 in Apprendi, and Apprendi is not a new rule of constitutional law. Apprendi was decided on
3 June 26, 2000, which was long after petitioner's 1993 conviction and 1994 sentence.

Therefore, petitioner has not demonstrated that § 2255 provides an "inadequate or ineffective" remedy. Although petitioner does not mention any sentence challenges, it is clear from the Northern District's docket that petitioner had an opportunity to so move. If petitioner failed to present his Apprendi challenge to the Northern District in a § 2255 motion, only he can be faulted for his failure to do so. Thus, petitioner has not shown that he did not have an "unobstructed procedural shot" at presenting his challenges to the sentencing court.

Moreover, even if the petition was allowed to pass through the savings clause, it would be without merit because Booker and Apprendi are not retroactive to cases on collateral review. Harris v. United States, 536 U.S. 545, 581 (2002) ("No Court of Appeals, let alone this Court, has held that Apprendi has retroactive effect."). All federal courts including the Ninth Circuit Court of Appeals have held Booker does not apply retroactively to cases on collateral review. See United States v. Cruz, 423 F.3d 1119 (9th Cir.2005); Green v. United States, 397 F.3d 101 (2nd Cir.2005); Guzman v. United States, 404 F.3d 139 (2nd Cir.2005); Humphress v. United States, 398 F.3d 855 (6th Cir.2005); McReynolds v. United States, 397 F.3d 479 (7th Cir.2005); In re Anderson, 396 F.3d 1336 (11th Cir.2005); Varela v. United States, 400 F.3d 864 (11th Cir.2005); Tuttamore v. United States, 2005 WL 234368 (N.D.Ohio, 2005).

Since petitioner's claim was final when Booker was decided, petitioner's Booker claim is without merit, whether brought under § 2241 or § 2255. Accordingly, the petition should be denied and will not be transferred to the United States District Court for the Northern District of California.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

/////

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3  days after being served with these findings and recommendations, petitioner may file written
4  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
5  Findings and Recommendations."  Petitioner is advised that failure to file objections within the
6  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
7  F.2d 1153 (9th Cir. 1991).
8  DATED:  February 6, 2008.

UNITED STATES MAGISTRATE JUDGE

/001; lee2255.156